1

2

3

4

5

6

7

8
                    **UNITED STATES DISTRICT COURT**

9
                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    TROY LEON CLOWERS, JR.,                ) Case No.: 1:14-cv-01644-JLT
                                             )
12              Petitioner,                  ) FINDINGS AND RECOMMENDATION TO
                                             ) DISMISS FIRST AMENDED PETITION FOR
13         v.                                ) LACK OF JURISDICTION (Doc. 5)
                                             )
14    MARGARET MIMS,                         )
                                             ) ORDER DIRECTING THAT OBJECTIONS BE
15              Respondent.                  ) FILED WITHIN TWENTY-ONE DAYS
                                             )
16                                           ) ORDER DIRECTING THAT THE CLERK OF
                                             ) COURT ASSIGN A DISTRICT JUDGE TO CASE
17    _____

18         Petitioner is a county jail inmate proceeding in propria persona with a petition for writ of

19    habeas corpus pursuant to 28 U.S.C. § 2254.

20         The original petition was filed on October 21, 2014.  It alleged that Petitioner is awaiting trial

21    on state criminal charges and is currently being held in the Fresno County Jail.  (Doc. 1).  Petitioner

22    alleges that he has been denied adequate medical treatment while being confined in the county jail.

23    (Id.).  However, Petitioner does not challenge the fact or duration of his present incarceration and he

24    does not allege that he has ever presented his claims to any state court.

25         On November 5, 2014, Petitioner filed a Second Amended Petition in which he challenges the

26    policy of the Fresno County Jail to place him in a cell with his "sworn enemies."  (Doc. 5).  As with

27    the original petition, Petitioner does not in any way challenge the fact or duration of his confinement

28

                                             1

1   nor does he allege that he has exhausted this claim in state court.

2   **DISCUSSION**

3        Initially, the Court notes that, pursuant to Federal Rule of Civil Procedure 15(a), as applied to

4   habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254

5   Cases, a petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and

6   without leave of Court, before a response has been filed under.  Calderon v. United States District

7   Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998);  Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir.

8   1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  Here, Respondent

9   had not filed a response when Petitioner filed his First Amended Petition.   Thus, leave of Court was

10   not required for the filing of that pleading.  Accordingly, the First Amended Petition is the operative

11   pleading.

12        Turning to the First Amended Petition, Rule 4 of the Rules Governing § 2254 Cases requires the

13   Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss

14   a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to

15   relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

16   (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can

17   show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas

18   corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his

19   confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S.

20   475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas

21   jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition

22   will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the

23   Rules Governing Section 2254 Cases.

24        The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner

25   seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the

26   prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also

27   Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term

28   'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but

1  not fall squarely within, the 'core' challenges identified by the <u>Preiser</u> Court.")

2      In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights

3  action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of

4  confinement.   <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991);  <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>,

5  931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

6      In the First Amended Petition, as mentioned, Petitioner challenges his placement in a jail cell

7  containing his "sworn enemies."  At no point in the petition, however, does Petitioner challenge either

8  the fact or duration of his incarceration as he awaits trial on state criminal charges.

9      Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that

10  confinement.  No relief requested by Petitioner in his petition would affect the fact or duration of

11  Petitioner's sentence, which has yet to be imposed.  Therefore, Petitioner is not entitled to habeas

12  corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims,

13  Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. Thus, the Court

14  must dismiss this petition for lack of jurisdiction.

<u>**RECOMMENDATION**</u>

16      For the foregoing reasons, the Court HEREBY RECOMMENDS that the first amended

17  petition for writ of habeas corpus (Doc. 5), be DISMISSED for lack of habeas jurisdiction.

18      This Findings and Recommendation is submitted to the United States District Court Judge

19  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

20  Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days

21  after being served with a copy of this Findings and Recommendation, any party may file written

22  objections with the Court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be

24  served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The

25  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

26  ///

27  ///

28

1  The parties are advised that failure to file objections within the specified time may waive the

2  right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5    Dated:   **January 8, 2015**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28